J-S21001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOSHIA MARIE SHEARER | : | No. 1663 MDA 2021 |

Appeal from the Order Entered November 19, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004617-2020

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED AUGUST 15, 2022**

The Commonwealth appeals from the order granting the Motion to Dismiss Pursuant to Rule 600 filed by Appellee Toshia Marie Shearer.  At issue is whether a period of 57 days—from July 6, 2020, to August 31, 2020—is excludable from the calculation of the mechanical run date of trial due to York County's COVID-19 judicial emergency closure orders. Pursuant to **_Commonwealth v. Carl_**, 276 A.3d 743 (Pa. Super. 2022), we vacate and remand for reinstatement of the case.

On July 6, 2020,[1] the Commonwealth filed a criminal complaint against Appellee charging her with, _inter alia_, Possession of Controlled Substances.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In its Pa.R.A.P. 1925(a) Opinion, the trial court refers to July 5, 2020, as the date Appellee was charged. However, the docket indicates the criminal
_(Footnote Continued Next Page)_

On July 7, 2020, the magisterial district court scheduled a preliminary hearing for October 6, 2020. On October 6, 2020, the court held the matter for trial and on October 29, 2020, Appellee waived her formal arraignment.

The docket indicates that nearly a year later, on September 27, 2021, the court scheduled a status conference for October 8, 2021. On October 8, 2021, the court ordered the case to be placed on the trial list for the week of November 8, 2021.

On October 8, 2021, Appellee filed her Motion to Dismiss Pursuant to Rule 600. The court held a hearing on the Rule 600 motion on November 16, 2021, where the parties agreed that 91 days was excludable due to a judicial emergency COVID-19 shutdown from November 2020 to February 2021, but disagreed as to whether the 57 days following Appellee's arrest until August 31, 2020, when a local COVID emergency judicial declaration was in effect, was time to be excluded for purposes of Rule 600 calculations. On November 19, 2021, the court granted Appellee's motion and dismissed the case. The Commonwealth timely appealed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

In its sole issue raised for our review, the Commonwealth asserts that the trial court erred in granting Appellee's motion to dismiss pursuant to Rule 600. Commonwealth's Br. at 5. The Commonwealth argues that due to the

_____

complaint was filed with the magisterial district court on July 6, 2020. July 6, 2020, thus, began the running of the Rule 600 clock. Pa.R.Crim.P. 600(A)(2)(a). We have adjusted the arithmetic throughout our memorandum.

COVID-19 pandemic emergency declaration entered by the President Judge of the York County Court of Common Pleas on May 27, 2020, the period between July 6, 2020, and August 31, 2020, should have been excluded from the calculation of the trial's run date because the York County judicial emergency declaration extended the suspension of Rule 600 to August 31, 2020. *See* Commonwealth's Br. at 9.

We review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 252 A.3d 600, 614 n.13 (Pa 2021). Rule 600 provides that trial must commence within 365 days of the filing of the complaint. Pa.R.Crim.P. 600(A)(2)(a). "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." *Id.* at (C)(1).

On March 18, 2020, our Supreme Court issued an emergency order in response to the COVID-19 pandemic which, among other things, suspended the application of Rule 600. The statewide judicial emergency and suspension of Rule 600 was extended to and ended on June 1, 2020. *See In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020); *In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020). However, the Supreme Court allowed local judicial districts to extend their emergency

- 3 -

orders beyond June 1, 2020, including the suspension of Rule 600 timeliness requirements. The York County President Judge of the Court of Common Pleas entered the following order on May 28, 2020:

> Per the Supreme Court's Order dated May 27, 202[0], authorizing President Judges to declare judicial emergencies in their judicial districts, I declare a judicial emergency in the 19th Judicial District through August 31, 2020. During the emergency the following shall apply:
>
> (1) Limit in-person access and proceedings in order to safeguard the health and safety of court personnel, court users, and members of the public;
> (2) Suspend statewide rules that restrict, directly or indirectly, the use of advanced communication technologies; and
> **(3) Suspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial.**
>
> Any postponement caused by the judicial emergency shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule 600. [].

Declaration, entered May 28, 2020 (Adams, P.J.) ("**See**" citations omitted; emphasis added). The court entered a subsequent judicial emergency order suspending trials from November 30, 2020, to February 28, 2021.

In **Commonwealth v. Carl**, 276 A.3d 743 (Pa. Super. 2022), this Court recently interpreted the plain language of the York County Declaration as providing that, regardless of the procedural posture of the case leading up to trial, the period of March 31, 2020, through August 31, 2020, is not to be included in Rule 600 calculations.

> Construing Subsection (3) in accordance with the plain meaning of its words, we find that it clearly and simply directs that rule-based, "prompt trial" time computations are suspended for the

> duration of the judicial emergency at hand. The intended effect on Rule 600 computations in criminal cases existing at that time is thus evident: such computations are to be held in abeyance and shall not include days transpiring during the effective time of the Declaration until the expiration of the declared emergency, at which time resumption or commencement of such computations may proceed.

*Id*. at 750.

*Carl* is dispositive here. The mechanical run date of Appellee's trial was July 6, 2021. When Appellee filed the Rule 600 motion on October 8, 2021, 460 days had passed since the filing of the complaint. In granting the Rule 600 motion, the trial court agreed with Appellee that the 57 days between July 6, 2021, and August 31, 2021, was attributable to the normal progression of the case and, thus, included in the mechanical run date. Pursuant to *Carl*, however, the judicial emergency order in effect during that time period suspended the application of Rule 600, rendering the challenged 57 days excluded from the mechanical run date. Accordingly, when combined with the 91-day suspension attributable to the subsequent COVID-19 emergency order, Appellee's trial run date would have been adjusted by 148 days to November 30, 2021. Accordingly, the court abused its discretion in granting Appellee's October 8, 2021 Rule 600 Motion to Dismiss.

We, thus, vacate the Order granting the Rule 600 motion and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/15/2022</u>